Michael O. Stevens, OSB No. 095198
email: michael@hillsborofirm.com
TeAnna Rice, OSB No. 205141
Email: teanna@hillsborofirm.com
STEVENS & LEGAL, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, OR 97006
Tel: (971) 533-6178
Fax: (971) 228-2608

Attorneys for Plaintiff
Trina Willy

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRINA WILLY,<br><br>          Plaintiff,<br><br>     v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>          Defendant. | **COMPLAINT FOR:**<br><br>(1) **Employment Discrimination** ORS §659A.112(2)(e);<br>(2) **Unlawful Discharge** ORS §659A.112<br>(3) **Retaliation** ORS §659A.040<br>(4) **Interference with FMLA Rights** 29 U.S.C. 2615(a)(1)<br>(5) **OFLA Retaliation ORS §659A.183**<br>(6) **Wrongful Discharge**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Trina Willy ("Plaintiff"), alleges as follows:

**JURISDICTION AND VENUE**

1.      This is a suit for damages in excess of $75,000 for violations of Oregon and federal

laws pertaining to unlawful discrimination and unlawful termination of an employee with disabilities.

2. Subject matter jurisdiction is pursuant to 28 U.S.C. §§ 1332(a)(1).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. Venue is proper in this District as the alleged unlawful acts took place in Washington County, Oregon while Plaintiff was working in Washington County, Oregon.

## PARTIES

5. Plaintiff, Trina Willy, resides in Vernonia, Columbia County, Oregon.

6. Defendant The Sherwin-Williams Company dba Sherwin-Williams (hereafter "Defendant") is a foreign business corporation organized under the laws of the State of Ohio with a principle place of business in Cleveland, Ohio.

7. This action arises out of events occurring during Plaintiff's employment with Defendant, which occurred primarily in Washington County, Oregon.

## FACTUAL BACKGROUND

8. At all material times, Defendant operated as a paint store chain that employed at least six or more persons in the State of Oregon, and at least fifty or more persons in the United States of America.

9. At all material times, Defendant was responsible and liable for the acts and omissions of its employees.

10. On or about February 1, 2015, Plaintiff was hired by Defendant as a Decorative Product Specialist, an initial hourly wage of $12.75.

11. On or about December 2, 2017, Plaintiff sustained a workplace injury while working for Defendant (hereafter "Injury").

12. Plaintiff filed a workers' compensation claim after sustaining the Injury.

13. As a result of the Injury, Plaintiff became disabled. Plaintiff's disability substantially limits one or more major life activities.

14. In or about December 2017, Plaintiff's doctor allowed Plaintiff to return to light-duty work, with restrictions.

15. In 2018, Plaintiff was informed that as a result of the Injury, Plaintiff needed to undergo surgery.

16. Plaintiff reported the need for surgery to Defendant, in which Defendant requested Plaintiff delay the surgery until October 2018.

17. On or about October 4, 2018 Plaintiff had surgery due to the Injury. As a result, Plaintiff was on leave from her employment with Defendant until November 11, 2018.

18. On or about November 12, 2018, Plaintiff's doctor released Plaintiff to light duty work with restrictions related to the Injury and Plaintiff's disability as a result of the Injury (hereafter "Doctor's Note").

19. Defendant initially refused to allow Plaintiff to return to work with the restrictions set forth in the Doctor's Note. Defendant did not allow Plaintiff to return to work until Plaintiff provided proof that Plaintiff was allowed to lift items that weighed less than the weight restrictions provided for in the Doctor's Note.

20. On information and belief, at no material time did Defendant engage in an interactive process with Plaintiff to determine how to reasonably accommodate Plaintiff's work restrictions set forth in the Doctor's Note.

21. On or about December 7, 2018, Defendant allowed Plaintiff to return to work, but reduced Plaintiff's work hours from 28 hours a week to 15 hours a week. This reduction in hours was not a work restriction set forth in the Doctor's Note.

22. In or about December 2018, Plaintiff requested a meeting with Defendant to discuss reasonable accommodations for her disability.

23. Defendant delayed scheduling this meeting until April 2019.

COMPLAINT
Page 3 of 11

24. On information and belief, at no material time between December 2018 until the meeting in April 2019 did Defendant engage in any interactive process with Plaintiff to determine any reasonable accommodations for Plaintiff's disability.

25. On or about April 5, 2019, Plaintiff had a meeting with Defendant to discuss reasonable accommodations (hereafter "Meeting").

26. At the Meeting, Defendant asked Plaintiff to resign. Plaintiff refused.

27. At the Meeting, Defendant asked Plaintiff if Plaintiff would be able to go on leave under the Oregon Family Medical Leave Act (hereafter "OFLA") or Family Medical Leave Act (hereafter "FMLA"). Plaintiff asked Defendant that if Plaintiff took leave, if her position would be available upon Plaintiff's return. Defendant stated that Plaintiff would need to reapply for any available position upon her return.

28. At the Meeting, Defendant asked Plaintiff to provide a form titled "Restrictions and/or Accommodations Report" (hereafter "Form") to Plaintiff's doctors. Defendant told Plaintiff that not until such documents were received, would Defendant consider making reasonable accommodations for Plaintiff.

29. To supplement the Form, Defendant provided a job description of Plaintiff's position for Plaintiff's doctors. Upon information and belief, the provided job description was outdated and did not accurately reflect Plaintiff's employment position with Defendant.

30. On information and belief, at no time during the Meeting did Plaintiff and Defendant engage in an interactive process to determine reasonable accommodations for Plaintiff's disability.

31. On or about April 18, 2019, Plaintiff had a second meeting (hereafter "Second Meeting") with Defendant to discuss reasonable accommodations for Plaintiff that coincided with the Forms that Plaintiff's doctors had recently returned.

32. On information and belief, at no time during the Second Meeting did Plaintiff and Defendant engage in an interactive process to determine reasonable accommodations for Plaintiff's disability.

33. On or about April 19, 2019, Plaintiff's doctors sent Defendant amended Forms in order to clarify Plaintiff's work restrictions. Such amendments increased Plaintiff's work capabilities.

34. Between May 2019 and June 2019, Plaintiff had multiple conversations with Defendant in regards to Plaintiff's reasonable accommodations and her updated medical restrictions due to her medical progress.

35. Upon information and belief, during this period Defendant did not engage in an interactive process to determine reasonable accommodations for Plaintiff's disability as her medical restrictions changed and/or decreased.

36. On or about July 8, 2019, Plaintiff posted a message with a picture on her personal Facebook account. The message discussed her experience and opinions regarding young employees in the work force. It did not explicitly mention Defendant by name.

37. On or about July 24, 2019, Defendant terminated Plaintiff's employment. Defendant cited to Plaintiff's personal Facebook posting, Plaintiff's medical restrictions, and Plaintiff's requests for accommodation as violations and insubordination and therefore reasons for termination.

## CAUSES OF ACTION AGAINST DEFENDANTS

### FIRST CAUSE OF ACTION

### Unlawful Employment Discrimination ORS §659A.112 (1) & (2)(e)

38. The allegations of paragraphs 1-37, above, are incorporated herein by reference.

39. Defendant's acts and omissions specifically targeted Plaintiff on the basis of a disability by failing to engage in an interactive process to assess reasonable accommodations for Plaintiff's disability to allow Plaintiff to perform the essential functions of her job. As such, Plaintiff was subjected to different terms and conditions of employment than other employees, in violation of ORS §659A.112(2)(e).

40. As a proximate result of Defendant's acts and omissions, Plaintiff sustained losses in earnings and other employment benefits in the amount of $75,000.

41. As a proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and other non-economic damages in the amount of $100,000.

42. Plaintiff is also entitled to reasonable attorney's fees. ORS §659A.885.

## SECOND CAUSE OF ACTION
### Unlawful Discharge ORS §659A.112

43. The allegations of paragraphs 1-42, above, are incorporated herein by reference.

44. When Defendant terminated Plaintiff's employment, Defendant cited to Plaintiff's medical restrictions and requests for accommodations as the reasons for Plaintiff's termination.

45. By terminating Plaintiff's employment, Defendant subjected Plaintiff to different terms and conditions of employment than other employees, which is in violation of ORS §659A.112(1)

46. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained losses in earnings and other employment benefits in the amount of $75,000.

47. As a proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and other non-economic damages in the amount of $100,000.

48. Plaintiff is also entitled to reasonable attorney's fees. ORS §659A.885.

## THIRD CAUSE OF ACTION

### Retaliation, ORS §659A.040

49. The allegations of paragraphs 1-48, above, are incorporated herein by reference.

50. On or about December 2, 2017, Plaintiff sustained the Injury which left Plaintiff disabled. After Plaintiff sustained the Injury, Plaintiff filed a worker's compensation claim. Following the Injury, Defendant failed to cooperate with Plaintiff in regards to her work restrictions related to the Injury. This resulted in a delay in Plaintiff returning to work and a significant decrease in Plaintiff's scheduled work hours when Plaintiff did return to work. Furthermore, Defendant and failed to engage in an interactive process determine reasonable accommodations for Plaintiff's disability that would allow Plaintiff to successfully perform her job duties.

51. Under ORS §659A.040, this constitutes a form of unlawful retaliation and discrimination against an employee who has filed a worker's compensation claim. Defendant subjected Plaintiff to different terms and conditions of employment than other employees.

52. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained losses in earnings and other employment benefits in the amount of $75,000.

53. As a proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and other non-economic damages in the amount of $100,000.

54. Plaintiff is also entitled to reasonable attorney's fees. ORS §659A.885.

## FOURTH CAUSE OF ACTION

### Interference with FMLA Rights, 29 U.S.C. §2615(a)(1)

55. The allegations of paragraphs 1-54, above, are incorporated herein by reference.

56. On or about April 5, 2019, Defendant suggested to Plaintiff that Plaintiff should go on either OFLA or FMLA leave. However, when Plaintiff asked about her job position on her return, Defendant told Plaintiff that she would need to reapply for

any available positions, including her current position. As a result, Plaintiff did not take OFLA or FMLA leave.

57. Pursuant to 29 U.S.C. §2614, the employment of an employee who takes FMLA leave is to be restored to the same or equivalent position upon the return of such leave.

58. Pursuant to 29 U.S.C. §2615(a)(1), it is unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any rights under FMLA.

59. As an employer, at all material times, Defendant was aware, or should have been aware, of 29 U.S.C. §§2614-15

60. Defendant actively interfered with Plaintiff's right to take protected leave under FMLA when Defendant incorrectly told Plaintiff that she would not be entitled to return to her current position if she was to take leave. As a result of Defendant's acts and omissions, Plaintiff did not take protected leave in order to preserve her employment.

61. Defendant's acts and omissions are in violation of 29 U.S.C. §2615(a)(1), and has resulted in damage to Plaintiff as alleged herein.

62. Pursuant to 29 U.S.C. §2617(a), Plaintiff is entitled to an amount to be proven at trial, not to exceed $5,000, as well as an equal amount as liquidated damages.

63. Defendant's acts and omissions in paragraphs 56 & 60 caused Plaintiff to suffer from emotional distress and anxiety, all to their non-economic detriment in an amount not to exceed $100,000. They also incurred economic damages in the form of lost income, not to exceed $75,000.

64. Plaintiff is also entitled to reasonable attorney fees. 29 U.S.C. §2617.

## FIFTH CAUSE OF ACTION

### Retaliation/Discrimination for Invoking OFLA Rights, ORS §659A.183

65. The allegations of paragraphs 1-64, above, are incorporated herein by reference.

66. On or about April 5, 2019, Plaintiff inquired about the conditions and affects taking OFLA leave would have on her employment. Defendant responded to Plaintiff with information that Defendant knew, or should have known, was incorrect. As a result, Plaintiff did not take protected leave, despite Plaintiff being able to take OFLA leave due to her disability.

67. Defendant retaliated against Plaintiff for inquiring about OFLA leave by providing her incorrect information that Defendant knew, or should have known, was incorrect. Furthermore, after April 5, 2019, Defendant retaliated against Plaintiff by refusing to engage in an interactive process to accommodate Plaintiff's disability. As a result, Plaintiff was subjected to an unaccommodating work environment that affected the terms and condition of her employment. This practice is in violation of ORS §659A.183(2), and has resulted in damage to Plaintiff as alleged herein.

68. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained losses in earnings and other employment benefits in the amount of $75,000.

69. As a proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and other non-economic damages in the amount of $100,000.

70. Plaintiff is also entitled to reasonable attorney's fees. ORS §659A.885.

### SIXTH CAUSE OF ACTION
### Wrongful Discharge

71. The allegations of paragraphs 1-70, above, are incorporated herein by reference.

72. When Defendant terminated Plaintiff's employment, Defendant cited to Plaintiff's private social media post as a reason for termination. It is against public policy for an employer to be able to fire an employee for privately commenting about their employer outside of work. Furthermore, when posting the message on Plaintiff's social media, Plaintiff was engaged in protected concerted activity, protected by Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. §157.

73. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained losses in earnings and other employment benefits in the amount of $75,000.

74. As a proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and other non-economic damages in the amount of $100,000.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court enter a judgment against the Defendant as follows:

A. For an award of economic damages in an amount of at least $75,000, or in such greater amount as may be proven at trial;

B. For an award of noneconomic damages in an amount not to exceed $100,000, or in such greater amount as may be proven at trial;

C. For an award of statutory damages pursuant to 29 U.S.C. §2617 in the amount of up to $5,000;

D. Liquidated damages in the amount of up to $5,000;

E. For an award of their costs and disbursements incurred herein;

F. For an award of their reasonable attorneys' fees incurred herein;

G. For an award of their reasonable expert witness fees incurred herein; and

H. For such other and further relief as the Court determines to be just and proper in under the circumstances.

Dated:   January 13, 2021

Respectfully submitted,

By: <u>/s/ Michael O. Stevens</u>
Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
TeAnna Rice, OSB No. 205141
teanna@hillsborofirm.com
Attorneys for Plaintiff
Trina Willy