UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TRINA WILLY,                                                    Case No. 3:21-cv-00054-AR

                        Plaintiff,                              OPINION AND ORDER

        v.

THE SHERWIN-WILLIAMS COMPANY,

                        Defendant.

_____

ARMISTEAD, Magistrate Judge:

        Before the court is defendant The Sherwin-Williams Company's ("Sherwin-Williams")

motion for a protective order. Mot. for Prot. Order, ECF No. 23. The dispute involves more than

50 topics identified by plaintiff Trina Willy ("Willy") in her Rule 30(b)(6) deposition notice. For

the following reasons, the court grants the motion.[1]

_____

[1]        The court finds oral argument would not be helpful to the court's resolution of this matter
and Sherwin-Williams's request is denied. LOCAL RULE 7-1(d)(1).

Page 1  – OPINION AND ORDER

*Background*

Willy was fired by Sherwin-Williams. She alleges state and federal claims for employment discrimination, wrongful discharge, and interference with and retaliation for using protected leave. This is the second time the parties have sought the court's assistance concerning the list of topics for Sherwin-Williams's Rule 30(b)(6) deponent.

Previously, Willy moved to reopen discovery to depose Sherwin-Williams's corporate designee. On December 15, 2021, 45 days before discovery closed, Willy's lawyer, Michael O. Stevens, requested dates for the deposition, proposing 58 topics. On December 23, 2021, Sherwin-Williams's lawyer, James M. Barrett, objected to the proposed Rule 30(b)(6) topics. Decl. James M. Barrett Supp. Def.'s Mot. Protective Order ("Barrett Decl.") Ex. 3, ECF No. 23. The parties were unable narrow the list of topics, agree on a deposition date, and complete the deposition before the January 21, 2022 discovery deadline lapsed.

Willy then moved to reopen discovery to complete the Rule 30(b)(6) deposition, which Sherwin-Williams opposed. On February 10, 2022, U.S. Magistrate Judge John V. Acosta held a telephone conference with Stevens and Barrett. Judge Acosta granted Willy's request to reopen discovery to take the Rule 30(b)(6) deposition and ordered the parties to confer further on the proposed list of topics and objections. Further, if the parties could not agree, they were to seek the court's assistance. Judge Acosta gave Stevens 90 days (May 10, 2022) to complete the Rule 30(b)(6) deposition. Minute Order, ECF No. 21.

Promptly after that ruling, on February 18, 2022, Barrett emailed Stevens to confer about the list of proposed Rule 30(b)(6) topics. Barrett Decl. Ex. 4 at 1. On February 23, 2022, Stevens responded that he was "working on revising the matters as suggested by Judge Acosta" and

hoped to have them to Barrett the following week. *Id.* On March 24, this case was reassigned to this court. Notice of Reassignment, ECF No. 22.

On April 20, 2022, some 70 days into the 90-day extension, Stevens responded to Barrett's February email conferral by providing more than 50 topics, which Stevens characterized as a "slightly revised" list. Barrett Decl. Ex. 5 at 1. Stevens indicated that his revisions did not address most of Barrett's concerns and that Sherwin-Williams should move for a protective order. Decl. Michael O. Stevens Resp. Mot. for Protective Order ("Steven's Decl.") Ex. 1 at 4, ECF No. 28. Stevens also asked for dates to notice the Rule 30(b)(6) deposition and indicated it should "take about half a day." *Id.* Barrett promptly responded that because Stevens wanted only "a half-day, it seems you have a pretty good idea of the questions you want to ask – but these topics do not help me understand what those are." *Id.* at 3. The parties conferred further by telephone on April 22. The parties stipulated that Sherwin-Williams could dismiss several affirmative defenses, but they disagreed about narrowing the topics or setting a deposition date. *Id.* at 1. Later that day, Stevens noticed the Rule 30(b)(6) deposition for May 5. Barrett Decl. ¶ 8, Ex. 1 (attaching deposition notice).

On April 29, 2022, Sherwin-Williams moved for a protective order, and, on May 2, the court entered an Order suspending the May 5 noticed deposition, the May 10 discovery deadline, and the May 19 dispositive motions deadline pending its determination on the protective order motion. Willy filed a response on May 6. On May 11, the court granted Sherwin-Williams's unopposed motion to amend its answer, removing four affirmative defenses; Sherwin-Williams filed its amended answer later that day. Am. Answer, ECF No. 31.

Page 3  – OPINION AND ORDER

*Legal Standards*

I.    Rule 26 Protective Order Standards

Under Rule 26(c), a court may for "good cause" issue a protective order "to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED.

R. CIV. P. 26(c). The protective order may contain conditions, such as forbidding discovery or

limiting its scope. *See* FED. R. CIV. P. 26(c)(1)(A)-(H). To obtain a protective order, the party

resisting discovery or seeking limitations must show "good cause" for its issuance by

establishing "that a specific prejudice or harm will result" if the protective order is not granted.

FED. R. CIV. P. 26(c)(1); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417,

424 (9th Cir. 2011); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

2002). Courts are given broad discretion "to decide when a protective order is appropriate and

what degree of protection is required." *Phillips*, 307 F.3d at 1211.

II.   Rule 30(b)(6) Organizational Depositions Standards

Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private
> corporation, . . . and must describe with reasonable particularity the matters for
> examination. The named organization must designate one or more officers,
> directors, or managing agents, or designate other persons who consent to testify
> on its behalf; and it may set out the matters on which each person designated will
> testify. Before or promptly after the notice or subpoena is served, the serving
> party and the organization must confer in good faith about the matters for
> examination. A subpoena must advise a nonparty organization of its duty to
> confer with the serving party and to designate each person who will testify. The
> persons designated must testify about information known or reasonably available
> to the organization. This paragraph (6) does not preclude a deposition by any
> other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6) (emphasis added). As U.S. District Judge Michael H. Simon explained:

Rule 30(b)(6) was intended to assist both sides in the deposition process. Previously, officers or managing agents of a corporation who were deposed might use a technique of gamesmanship known as "bandying," in which each witness in turn honestly disclaims knowledge of facts that are known to other persons in the organization and thereby to the organization itself. This technique increased the expense and burden to the party seeking appropriate discovery. Rule 30(b)(6) is intended to curb that practice.

*Updike v. Clackamas Cnty.*, Case No. 3:15-cv-00723-SI, 2016 WL 111424, at *2 (D. Or. Jan. 11, 2016).

"'In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.'" *Id.* (quoting *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006)). Thus, the Rule 30(b)(6) corporate designee binds the corporation's position on a topic. *Id.* Therefore, "companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* (quotation marks omitted). The rule requires that companies present witnesses that are "capable of providing testimony on the noticed topics, regardless of whether the information was in the specific witness's personal knowledge, provided that the information is reasonably available to the corporation or organization." *Id.* (citing *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010)).

"Rule 30(b)(6) thus imposes reciprocal obligations on proponent and deponent: the proponent must specify which subject matters it intends to inquire into, and the deponent must take affirmative steps to learn about those topics." *Preservation Techs. LLC v. MindGeek USA, Inc.*, Case No. 2:17-cv-08906-DOC-JPR, 2020 WL 10965163, at *2 (C.D. Cal. Oct. 19, 2020); *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 660 (D. Or. 2015). Because Rule 30(b)(6)

places substantial responsibilities and burdens on corporate designees, for the rule to function

effectively, a requesting party must "designate *with painstaking specificity,* the particular subject

areas that intended to be questioned." *Updike*, 2016 WL 111424, at *2 (emphasis in *Updike*);

*Preservation Techs.*, 2020 WL 10965163, at *2; *Memory Integrity*, 308 F.R.D. at 661; *Vantage*

*Mobility Int'l, LLC v. Kersy Mobility, LLC*, Case No. CV-19-04684-PHX-JJT, 2021 WL 148651,

at *2 (D. Ariz. Jan. 15, 2021).

*Discussion*

Sherwin Williams seeks an order relieving it from providing a corporate designee to

testify about all topics identified in the deposition notice as currently drafted. Barrett Decl. Ex. 1.

Sherwin-Williams argues that the notice is overly broad and that requiring it to prepare witnesses

to testify on over 50 wide-ranging topics creates an undue burden. Willy responds that her list of

topics has remained largely unchanged for six months and that Sherwin-Williams has had ample

time to prepare, that the topics are relevant, and that Sherwin-Williams failed to make

particularized objections.

I.    The Rule 30(b)(6) Deposition Notice is Facially Overbroad and Unduly Burdensome

The court has reviewed the Rule 30(b)(6) deposition notice and finds it facially excessive

and overly broad, and therefore, unduly burdensome to Sherwin-Williams. *Updike*, 2016 WL

111424, at *2. The notice spans nine pages, with six topics and more than 50 subtopics, covering

nearly every facet of Willy's litigation. *Luken v. Christensen Grp. Inc.*, Case No. C16-5214

RBL, 2018 WL 1994121, at *1 (W.D. Wash. Apr. 27, 2018) (granting protective order, requiring

plaintiff to revise Rule 30(b)(6) topics, and awarding sanctions). Matter No. 1 exemplifies the

sweeping nature of Willy's requested topics:

**Matter No. 1**:  Information related to the employment of Plaintiff Trina Willy ("Plaintiff") with Defendant The Sherwin-Williams Company ("Defendant"):

a) Information regarding Plaintiff's job performance.

b) Information on all written statements of anyone concerning any of these allegations in the Complaint such as emails, text, social media posts and in office memorandums.

c) Information on any recorded statements of anyone concerning any of the allegations in the Complaint.

. . . .

e) Information regarding Plaintiff's inquiries to take protected leave due to work place injury.

. . . .

i) Information regarding Plaintiff's termination of employment with Defendant.

. . . .

m) Information on all communications between Plaintiff's supervisor(s) and manager(s) regarding Plaintiff's worker's compensation claim, attempts at reasonable accommodations for Plaintiff's claimed disabilities, Defendant's termination of Plaintiff's employment with Defendant, and Defendant's suggestion Plaintiff should use protective leave in April 2019.

n) Information on all communications between Plaintiff's manager(s) and human resource department regarding Plaintiff's worker's compensation claim, attempts at reasonable accommodations for Plaintiff's claimed disabilities, Defendant's termination of Plaintiff's employment with Defendant, and Defendant's suggestion Plaintiff should use protective leave in April 2019.

o) Information on all communications between Plaintiff's supervisor(s) and human resource department regarding Plaintiff's worker's compensation claim, attempts at reasonable accommodations for Plaintiff's claimed disabilities, Defendant's termination of Plaintiff's employment with Defendant, and Defendant's suggestion Plaintiff should use protective leave in April 2019.

p) Information regarding any communications between Defendant's employees made after Plaintiff's termination of employment.

Barrett Decl. Ex. 1 at 2-3.

Subparts (a)-(c), (e), (i), and (m)-(o) ostensibly encompass any statement by anyone at any time about any allegations in the Complaint. Read literally, subpart (p) seeks all communications between any Sherwin-Williams's employees about any topic from 2019 to the present – a span of nearly three years. Willy's requested topics are not described with the specificity required by Rule 30(b)(6) and are unworkable. Thus, the notice poses an undue burden on Sherwin-Williams. *Reno v. W. Cab. Co.*, 2:18-cv-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (granting protective order where "the deposition notice appears to have been drafted as a means to cover nearly every conceivable facet of this litigation"); *Preservation Techs.*, 2020 WL 10965163, at 5 ("A deposition topic lacking all metes and bounds is facially overbroad and unduly burdensome."); *see also Bowers v. MERS, Inc.*, Case No. 10-4141-JTM, 2011 WL 6013092, at *6 (D. Kan. Dec. 2, 2011) ("When the [30(b)(6)] notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible").

Matter No. 6 is likewise unworkable. It requests "all facts, witnesses, and documents" on which Sherwin-Williams bases each of its affirmative defenses. Barrett Decl. Ex. 1 at 6-7. The requests in Matter No. 6 fall far short of the necessary "painstaking specificity" required by Rule 30(b)(6). *Updike*, 2016 WL 111424, at *2; *see also Dealer Comput. Servs., Inc. v. Curry*, Case No. 12-cv-3457-JMF-JLC, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

Willy argues that her requests concerning Sherwin-Williams's affirmative defenses are relevant and that courts allow "these exact inquiries into affirmative defenses during a Rule 30(b)(6) deposition" citing *Woods v. Standard Fire Ins. Co.*, ____ F. Supp. 3d ____, 2022 WL 677567, at *7 (E.D. Ky. Mar. 7, 2022). The court disagrees for several reasons.

First, *Woods* does not stand for the proposition advanced by Willy that a Rule 30(b)(6) deponent may be required to testify about "all facts, witnesses, and documents" concerning a party's affirmative defenses. Rather, the *Woods* court found the request for "any and all defenses" was overly broad and unduly burdensome. *Id.* at *6-7 ("There is simply no way to designate a person or persons who could reasonably prepare to speak and bind an organization as to every court filing, discovery response, and document produced in a litigation."); *see also Reno*, 2020 WL 5902318, at * 2 (granting protective order, finding 18 pages of topics excessive in scope, including request for "[a]ll facts known by Western Cab that relate[ ] to, bear[ ] upon, or support[ ] any of [its] affirmative defenses").

Second, the *Woods* court considered the plaintiff's proposed compromise to limit the topics to eleven paragraphs and four affirmative defenses identified in the answer, and the court further limited the inquiry to the defendant's factual bases for its affirmative defenses. *Id.* at *7. Unlike *Woods*, Willy here has refused to narrow the 50-plus topics despite being presented with detailed, supported objections.

And third, in *Woods*, the plaintiff deposed several fact witnesses during discovery and *then* sought a Rule 30(b)(6) deposition. *Id.* at *1. Unlike the discovery conducted in *Woods*, Willy has not taken a single deposition from any fact witness. Willy does not cite, nor has the court's research uncovered, a case permitting a Rule 30(b)(6) deposition to proceed with topics

so sweeping they serve to transfer a party's own discovery obligations to a corporate designee.

*Jones v. Hernandez*, Case No. 16-cv-1986-W(WVG), 2018 WL 539082, at *2 ((S.D. Cal. Jan.

18, 2018) (granting protective order where Rule 30(b)(6) deponent would be required to

interview and learn about nuanced factual events in which he was not involved); *objections*

*overruled by* 2018 WL 1981207, at *3 (Apr. 27, 2018) ("When percipient witnesses are available

to testify, it is unduly burdensome to expect the entity to interview them and then bind itself to

any mistakes made in relaying their testimony secondhand through a 30(b)(6) deponent."). For

all these reasons, *Woods* does not apply.[2]

  To the extent that there happen to be topics among the 50 proposed by Willy that are

appropriate for a Rule 30(b)(6) deposition, the court declines to sift through Willy's notice to

discern which ones those may be. Willy had an opportunity to narrow the list of topics as

directed by Judge Acosta, and, given Willy's unresponsiveness to that direction (Willy's lawyer

admittedly "slightly revised" the list from 58 to about 53 topics), the court will not it expend its

resources to do something that is not its task to do in this circumstance. *See Matthys v. Barrick*

*Gold of N.A., Inc.*, Case No. 3:20-cv-00034-LRH-CLB, 2021 WL 3604834, at *2 (D. Nev. Aug.

---

[2] Because *Woods* is an out-of-district case and distinguishable from the situation here, the court declines to comment on whether Rule 30(b)(6) depositions may be used for the purpose of obtaining the factual bases for a defendant's position statements or affirmative defenses. *Woods*, 2022 WL 677567, at *7 (discussing split of authority); *see also Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.*, 273 F.R.D. 689, 691 (D.N.M. 2011) ("Courts have split whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories."); *Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. Aug. 1, 1996) (granting protective order because a corporation "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation omitted).

Page 10 – OPINION AND ORDER

13, 2021) ("[C]ourts do not generally engage in an item-by-item analysis to allow particular

topics and rule out others").

In short, the court finds the Rule 30(b)(6) notice is facially excessive, overbroad, and

unduly burdensome. Willy's Rule 30(b)(6) deposition notice fails to describe the topics with

painstaking specificity required by the rule. *Updike*, 2016 WL 111424, at *2.

II.    The Rule 30(b)(6) Notice is Disproportionate to the Needs of the Case

The Rule 30(b)(6) notice is disproportionate to the needs of the case given the discovery

that Sherwin-Williams has already provided to Willy. Sherwin-Williams previously produced the

information requested in Matter No. 2, including Willy's job description, company policies

regarding accommodations, and the entire BOLI file. Barrett Decl. Ex. 3 at 7. Further, in October

2021, Sherwin-Williams responded to Willy's interrogatories, in which it named her supervisors,

identified the individuals who offered to engage with Willy in the interactive process regarding

her alleged disability, and detailed when those conversations occurred. Stevens Decl. Ex. 2 at 7

(Interrogatory Response No. 8, detailing nine conversations between Willy and specific

individuals). Given these responses, Willy cannot show that Sherwin-Williams has engaged in

bandying or gamesmanship, the techniques at which Rule 30(b)(6) is directed.

Willy's attempt to gather the information in Matter No. 1, subparts (m), (n), and (o)

through a Rule 30(b)(6) deponent is particularly abusive in these circumstances. These topics

involve conversations between Willy and certain Sherwin-Williams personnel about the

interactive process. Sherwin-Williams identified the participants in those conversations in

October 2021. As one court has recognized, "when the identities of percipient witnesses are

readily available, no risk of bandying exists, and these individual percipient witnesses are the

proper deponents." *Jones*, 2018 WL 539082, at \*2. Although a party may ask to depose a corporate designee regarding documents it has received in discovery, a Rule 30(b)(6) deposition should not function as a substitute for undertaking discovery in the first instance. *See Prasad v. George Washington Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017) (noting Rule 30(b)(6) is not intended to serve as a "catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period"). Willy's failure to depose these witnesses does not merit burdening Sherwin-Williams with the task of preparing a corporate designee to discuss virtually every facet of Willy's case at this late stage. *See Matthys*, 2021 WL 3604834, at \*2 (holding 40 topics in Rule 30(b)(6) deposition notice "excessive and unreasonable" given "relatively straightforward nature of the claims and defenses"); *Apple Inc. v. Samsung Elec. Co., Ltd.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at \*2 (N.D. Cal. Jan. 27, 2012) (granting protective order and stating that the purpose of Rule 30(b)(6) "does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation").

In summary, the court finds that Sherwin-Williams has satisfied its burden of demonstrating good cause for a protective order under Rule 26(c). The 50-plus topics are disproportionate to the needs of this straight-forward employment case where discovery has been provided.

III.    <u>The Protective Order Will Issue With Prejudice</u>

Generally, courts issue a protective order precluding the enforcement of the Rule 30(b)(6) notice as drafted without prejudice to issue a new notice with appropriately narrowed topics. *Matthys*, 2021 WL 3604834, at \*2. The court concludes that the protective order here must be

issued with prejudice, and without an opportunity to reissue the notice with narrowed topics, for three reasons.

First, the court declines to extend the discovery deadline. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); LOCAL RULE 16.3 (requiring that objections to court-imposed deadlines must be raised by motion and must show good cause and effective use of prior time). Willy has not demonstrated that she effectively has used her prior time. As discussed above, Sherwin-Williams provided over 1,600 documents during discovery and identified the witnesses who could provide first-hand accounts of numerous topics identified in the Rule 30(b)(6) notice. Willy opted not to depose them, and fact discovery has closed.

Second, the court previously granted Willy's extension of time to take the Rule 30(b)(6) deposition. At the February 10 hearing on that motion, Judge Acosta inquired how much time Stevens needed to complete it; he asked for 60 days. Judge Acosta gave Stevens 90 days, extending the deadline to May 10, 2022. However, Stevens waited until April 20 – some 70 days into the 90-day extension – to respond to Barrett's inquiry about narrowing the Rule 30(b)(6) topics. Steven's explanation for the 70-day delay is unconvincing. Stevens provides that two attorneys in his firm resigned in December 2021, requiring him to absorb more cases, and that the Covid-19 pandemic has created a backlog of cases. Stevens Decl. ¶ 8. Stevens surely knew of the additional cases and backlog at the February 10 hearing and believed 60 days was sufficient. Waiting for 70 days to confer on an obviously contentious matter fails to demonstrate good cause for an additional extension.

And third, Willy does not appear to be conferring in good faith as expressly required by the rule. *Updike*, 2016 WL 111424, at *3 ("[F]or Rule 30(b)(6) to achieve its objectives, both the party requesting discovery and the party providing discovery must conscientiously and fairly comply with the demands of that rule.") When Stevens conferred on April 20, he provided the slightly revised list with over 50 topics remaining and said that Sherwin-Williams needed to obtain a protective order. Stevens also contends that, "until now," he has not had an opportunity to present his arguments to the court. Stevens Decl. ¶ 4. However, nothing prevented Stevens from conferring, reaching out to the court, or filing a motion to compel between February 18 and April 20. Given the parties' impasse on the topics, providing just 20 days for the parties and the court to resolve it before the discovery cutoff date was inadequate. Moreover, 20 days left insufficient time for Sherwin-Williams to prepare a witness and for Willy to depose that witness before the now-suspended May 10 deadline. Again, Willy's unexplained delay of 70 days fails to demonstrate effective use of prior time or good cause. Accordingly, as of today's date, discovery is closed.

For all these reasons, the protective order is granted, the deposition notice is stricken with prejudice, and discovery is closed.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

*Conclusion*

For the reasons stated above, defendant's Motion for a Protective Order (ECF No. 23) is GRANTED. The Rule 30(b)(6) Noticed Deposition set for May 5, 2022 is STRICKEN, with prejudice. Discovery is now closed. Dispositive motions are due June 20, 2022.

IT IS SO ORDERED.

May 17, 2022.

JEFFREY ARMISTEAD
United States Magistrate Judge